The plaintiff was an inspector of lumber, and was in the immediate employ of the Dickson Lumber Company of Norfolk, Va. His employer had made arrangements to purchase some lumber and "dimension stuff" from the Wayne Hardwood Company, located at Goldsboro, N.C. The plaintiff went to the plant of the defendant Wayne Hardwood Company, in Goldsboro, to inspect some lumber and timber and to grade the same, and to see it loaded upon a railway car. The timber which was to be inspected and graded consisted of hardwood squares, varying in size from about 6 x 6 inches to 8 x 8 inches, and in length from 14 to 16 feet. This timber was piled on a platform, 8 feet wide, 34 feet long, and 6 feet in height, near to and beside a spur track of the railway company. A space was left at one end of the platform and the plaintiff was standing upon this space, about 20 x 24 inches in size, having climbed over the pile of timber to reach this space. There was a "cull" piece of timber on the front row of tier of timber next to the railway tracks. This stack of timber or tiers of timber was on the front part of the platform, and was about 2 or 3 feet in height, and 2 to 2 1/2 feet in width, and of timber 14 feet in length. The larger timbers and longer timbers were back from the front of the platform some 2 or 3 feet, and this larger timber was to the side and rear of the plaintiff, at the (767) time of the falling of the timber by which he was injured. All this timber, consisting of the 14-foot timber and the 16-foot timber, was piled on the same platform and formed a part of the same lumber and timber which the plaintiff was to inspect and load on the cars. On the front tier, next to the railway, there was a "cull" piece of timber, and the foreman of the defendant requested the plaintiff Weaver to hand this piece down to him, the foreman, to the ground before the railway car reached the point opposite the platform preparatory to loading.
While plaintiff was standing upon this space on the platform, about 24 inches square, the pile of 16-foot timber to his side and rear tumbled *Page 844 
down, threw the plaintiff onto the railway track and ground below, and some of the large timber fell upon him and seriously injured him.
The plaintiff had inspected timber at the same place the day before his injury, and under similar conditions. The timber was placed on the platform as it came from the mill for the purpose of transferring it to the cars.
The plaintiff was a man of experience in the work he was doing, and went to the space on which he was standing of his own choice.
At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.
The plaintiff was not an employee of the defendant hardwood Company, and his contention is that he was upon the premises of the defendant by invitation, and that he was injured by reason of the negligent manner in which the timber which he was required to inspect was piled upon the platform, and upon this allegation of negligence there is an entire failure of proof.
The plaintiff was the only witness who was examined as to the piling of the timber, and was asked these questions:
"You don't know how come the timber to fall?" and he replied: "No, I don't."
"Did you notice how the timber which fell was piled?" "I do not know how the timber that fell was piled."
We are therefore of opinion that there is no error in entering the judgment of nonsuit.
Affirmed.
(768)